IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| LINDA LUNDGREN | § | |
| and FRED LUNDGREN | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-351 |
| | § | |
| EMPIRE INDEMNITY INSURANCE | § | |
| COMPANY | § | |

## OPINION AND ORDER

Before the Court is the "Motion for Partial Summary Judgment" (Instrument no. 27) of Defendant, Empire Indemnity Insurance Company (Empire); the Motion seeks the dismissal of two of the coverage claims and the extra-contractual tort claim, if any, of Plaintiffs, Linda and Fred Lundgren.  Having now considered the Motion, the Lundgren's response and Empire's reply the Court issues this Opinion and Order.

The Court sees no need to dwell upon the legal standard governing summary judgment jurisprudence; however, it feels compelled to make a few observations relevant to the Court's task in this particular case.  When special circumstances exists a Judge, despite the mandatory language of Rule 56(a), has discretion to deny a motion for summary judgment, even if it appears the movant has carried its burden of proof, if the Judge has doubts as to the wisdom of terminating the case before a full trial, Veillon v. Exploration Services, Inc., 876 F.2d 1197, 1200 (5th Cir. 1989), or the completion of sufficient discovery.  Pro se cases present special circumstances in which Judges must employ the summary judgment device cautiously because it results in a final adjudication on the merits.  Hulsey v. State of Texas, 929 F.2d 168, 170 (5th Cir. 1991)   Judges must be careful to "guard against premature truncation of legitimate lawsuits merely because of

unskilled presentation." Murrell v. Bennett, 615 F.2d 306, 311 (5th Cir. 1980)   With these precautions in mind, the Court has determined, in its opinion, the proper resolution of Empire's Motion, especially in light of the fact that the remainder of the Lundgrens' breach of contract claim will still need to be resolved.

## CLAIM FOR CONTENTS COVERAGE

The Lundgrens' claim for insurance proceeds to recover damages to the contents of their property must be dismissed. The sole basis for the Lundgrens' claim for contents coverage is a form designed to be submitted, within a limited period of time, for the purchase of such coverage which appears signed by Linda Lundgren and was allegedly sent to the agent designated by Empire to receive same. The form, however, lists the policy as one different from the policy in question. Moreover, the Lundgrens have offered no evidence that any additional premium was assessed or any evidence other than a self serving, unverified allegation that the form was even mailed in as required. Under the circumstances, despite any duty to give the pro se Lundgrens leniency, the Court is compelled to dismiss this claim.

It is, therefore, **ORDERED** that Empire's Motion (Instrument no. 27) is **GRANTED** insofar as it seeks the dismissal of the Lundgrens' claim for coverage for the damage to the contents of their property, and this claim is **DISMISSED**.

## CLAIM FOR INCREASED COST OF COMPLIANCE (ICC)

The policy includes an ICC endorsement and if the Lundgrens offer proof that applicable ordinances or laws entitle them to ICC coverage under the policy, it should be awarded. The Court can understand Empire's frustration, but given the Lundgrens' pro se status, its Motion (Instrument no. 27) for Summary Judgment on this claim is **DENIED**.

## CLAIM OF BAD FAITH

Empire argues that the "bona fide dispute rule" defeats any claim that it breached its duty of good faith and fair dealing with the Lundgrens. Such a dispute would necessitate an in depth factual determination and *could* require the Court to make credibility determinations which are inappropriate at the summary judgment stage. Dibidale of La., Inc. v. American Bank & Trust Co., 916 F.2d 300, 307-08 (5th Cir. 1990) ("Credibility assessments are not fit grist for the summary judgment mill.") Accordingly, if the Lundgrens had asserted a bad faith claim it would survive Empire's Motion. However, this Court has read and reread the original complaint and can discern no claim being asserted other than one for breach of contract. Moreover, such a claim would no be barred by the applicable two-year statute of limitation. See Tex. Ins. Code §541.162. Empire appears to have mistakenly identified the assertion of a bad faith claim in paragraph 12 contained in the "Factual Background" section of the "Plaintiff's Original Complaint." This Court respectfully disagrees, however, if Empire feels compelled to defend itself against such a claim, the Court will try it by consent of the Parties. In the meantime, Empire's Motion (Instrument no. 27) seeking summary judgment as to any bad faith claim is **DENIED as moot**.

DONE at Galveston, Texas, this ___30th___ day of January, 2012.

John R. Froeschner
United States Magistrate Judge

3